UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00718-GCM-DSC

| | |
|---|---|
| PHILIP KEITH WOODS-JACKMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) ORDER |
| GREATER ENRICHMENT PROGRAM, INC., | ) ) ) |
| Defendant. | ) ) ) |

THIS MATTER is before the Court on Plaintiff's motion *in limine* (Doc. No. 32) regarding Defendant's Trial Exhibit 9 ("Exhibit 9"). Plaintiff moves the Court *in limine* to exclude from evidence Exhibit 9, "List of Jehovah's Witness Meetings in Charlotte Area." For the reasons stated herein, Plaintiff's motion *in limine* (Doc. No. 32) is DENIED.

## I. BACKGROUND

This action arises out of the employment relationship between Plaintiff, Mr. Woods-Jackman, and Defendant, Greater Enrichment Program, Inc. ("GEP"). Defendant, a non-profit corporation, employed Plaintiff as a Site Director from the year 2012 until January 29, 2015, the date of Plaintiff's termination. (Doc. No. 1, p. 3-5). In this suit Plaintiff claims that Defendant unlawfully (1) failed to accommodate his religious activities on Tuesday evening and Saturday morning and (2) retaliated against him based on request for time off for his religious activities.

Plaintiff, a male and a Jehovah's Witness, contends that his termination was in retaliation for his complaints of sex discrimination by GEP supervisors and for requesting religious accommodation. Id. at 6. In his complaint, Plaintiff alleges that his supervisors showed favoritism

1

towards female employees, stating that he felt undermined, harassed, and discriminated against based on his sex. Id. at 4. Additionally, Plaintiff alleges he was told that he would be required to attend mandatory parent workshops on Tuesday nights despite normally being granted Tuesday nights off to attend his church services. Id. at 5. His complaint further states that when he asked GEP to consider other scheduling options, GEP denied his request. Id. Shortly thereafter, GEP terminated his employment. Id.

Plaintiff now moves the Court *in limine* to exclude from evidence Exhibit 9, "List of Jehovah's Witness Meetings in Charlotte Area." He contends that Exhibit 9 is inadmissible under Rules 401, 403, 802, and 901 of the Federal Rules of Evidence. For the reasons stated below, the Court finds Plaintiff's arguments unavailing.

## II. DISCUSSION

*A. Rule 401*

Rule 401, which provides the threshold test for relevance, states that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff argues that Exhibit 9 is not relevant under Rule 401 because the fact "[t]hat there are other Kingdom Halls in the Charlotte area is of no consequence in determining this action." (Doc. No. 33, p. 2). The Court finds that such an argument is premature, however, as issues of relevance will be determined during the course of trial.

*B. Rule 403*

Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Evidence is unfairly prejudicial and should be excluded when, "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." United States v. Williams 445 F.3d 724, 730 (4th Cir. 2006) (quoting United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996)).

Plaintiff asserts that Exhibit 9 should be excluded under Rule 403 because the exhibit risks a "danger of prejudice" and serves only to "waste time" and "distract from the core issues of the case." (Doc. No. 33, p. 2).  Despite Plaintiff's contentions, the Court is not convinced that Exhibit 9 poses such a risk.  It seems unlikely to the Court that the information contained in Exhibit 9 is of the nature that would incite a jury to "irrational behavior." See Williams 445 F.3d at 730. Accordingly, the Court finds Plaintiff's argument unpersuasive.

*C. Rule 802*

Rule 802 provides the rule against hearsay.  Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  A statement offered for a purpose other than to prove the truth of the assertion contained within the statement, however, is not inadmissible hearsay.  See Fed. R. Evid. 801(c); United States v. Pratt, 239 F. 3d 640, 643-44 (4th Cir. 2001).

Plaintiff contends that Exhibit 9 is inadmissible hearsay because it is an out of court statement that is "offered to prove that there were Kingdom Halls at the listed locations who had meetings at the listed times." (Doc. No. 33, p. 3).  Defendant, however, states that it intends to

3

offer Exhibit 9 to show Plaintiff's knowledge of alternative opportunities for mid-week worship rather than to prove the truth of Exhibit 9's contents. (Doc. No. 34, p. 1). Offered for this purpose, the Court determines that Exhibit 9 is not hearsay. See United States v. Guerrero-Damian, ("A statement is not hearsay if it is offered to prove knowledge [.]").

*D. Rule 901*

Rule 901 states that the requirement for authenticating or identifying an item of evidence may be satisfied by the testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1).

Plaintiff argues that Exhibit 9 is inadmissible because it has not been properly authenticated. (Doc. No. 33, p. 3). The Court finds, however, that Plaintiff, through his own testimony, authenticates Exhibit 9. In his deposition dated September 13, 2017, Plaintiff demonstrated his familiarity with the exhibit's publisher, "JW.org," stating that he had "the [JW.org] app on [his] phone" and recognized JW.org as the "official Jehovah's Witnesses website." (Doc. No. 34-1). The Court determines that such identification is sufficient to satisfy the requirements of Rule 901.

### III. ORDER

IT IS THEREFORE ORDERED that for the reasons stated above, Plaintiff's motion *in limine* (Doc. No. 32) is DENIED.

IT IS SO ORDERED.

Signed: January 4, 2018

Graham C. Mullen
United States District Judge

4