**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

Civil Action No.: 3:16-cv-00718-GCM-DSC

| | |
|---|---|
| **PHILIP KEITH WOODS-JACKMAN,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**GREATER ENRICHMENT PROGRAM, INC.,**<br><br>    **Defendant.** | **ORDER** |

     **THIS MATTER** came on for trial by a jury before this Court on January 8, 2018 on Plaintiff's claims for failure to accommodate his religion and retaliatory termination from employment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff presented his evidence and rested. After Plaintiff rested, Defendant orally moved the Court for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) on the ground, *inter alia*, that a reasonable jury would not have a legally sufficient evidentiary basis to find that Defendant had at least fifteen employees during the statutory period, which is an element of Plaintiff's claims under Title VII.

     The Supreme Court has held that although it is not a jurisdictional issue, "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief . . . ." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 516 (2006). The threshold number for application of Title VII to an employer is "fifteen or more employees for each working day in each of twenty or more calendar weeks" in the year in which the alleged discriminatory event occurred or the prior year. 42 U.S.C. § 2000e(b); *Depaoli v. Vacation Sales Assocs.*, 489 F.3d 615, 622 (4th Cir. 2007).

Plaintiff did not offer evidence regarding the number of Defendant's employees, and thus there is no legally sufficient evidentiary basis from which the jury could find that Defendant had fifteen or more employees during the statutory period. Accordingly, Defendant is entitled to entry of judgment as a matter of law under Fed. R. Civ. P. 50(a). *See Faulkner v. Woods Transp., Inc.,* 174 Fed. Appx. 525, 528 (11th Cir. 2006).

**IT IS THEREFORE ORDERED** that Defendant's motion for judgment as a matter of law is granted and this action is dismissed with prejudice.

Signed: January 10, 2018

Graham C. Mullen
United States District Judge